IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2012 Session

## WELLS FARGO BANK, N.A. V. MARK L. HOLTON ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 12C195     W. Jeffrey Hollingsworth, Judge**

**No. E2012-01103-COA-R3-CV - Filed July 24, 2012**

The defendants filed a notice of appeal in the trial court seeking to appeal the court's order of May 11, 2012. That order is not a final judgment. Accordingly, the defendants' putative appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ.

Whitney Durand, Chattanooga, Tennessee, for the appellants, Mark L. Holton and Cathy S. Holton.

Misty Smith Kelley, Chattanooga, Tennessee, for the appellee, Wells Fargo Bank, N.A.

Robert E. Cooper, Jr., Attorney General & Reporter; Alexander S. Rieger, Assistant Attorney General; and Derek C. Jumper, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**[1]

The plaintiff below, Wells Fargo Bank, N.A., has filed a motion, later supplemented, seeking an order dismissing this appeal on the ground that the May 11, 2012, order is not a

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

final judgment and, hence, not appealable as of right. The subject order, among other things, recites that "[i]n regard to dismissal of the Defendants' amended [counterclaim], the Court will reserve ruling at this time."

The order of May 11, 2012, is not a final order. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that is not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal. The appeal of this matter is hereby dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellants, Mark L. Holton and Cathy S. Holton.


PER CURIAM